2003 VT 16

### Artemie GAVALA v. Mary B. CLAASSEN

[819 A.2d 760]

No. 02-059

¶ 1. February 14, 2003. Father, who is seeking modification of a Massachusetts order in Vermont family court based on mother's residence in Vermont and his claim that he is no longer living in Massachusetts, appeals decisions of the magistrate and the family court setting aside an earlier order and dismissing his modification petition. We affirm.

¶ 2. The parties were divorced under a 1988 Massachusetts order. Mother moved to Vermont with the parties' minor daughter in 1993. In September 1999, father filed a motion in the Windsor Family Court to register and modify the February 1999 Massachusetts order setting father's child support obligation at $300 per week. In February 2000, following several days of hearings, the magistrate registered the Massachusetts order in Vermont based on evidence presented by father indicating that he was a Pennsylvania resident. In June 2000, the Office of Child Support (OCS) filed a motion to reopen the registration of the Massachusetts order and to dismiss father's modification petition. The magistrate denied the motion in an August 9, 2000 decision following a July 14 hearing.

¶ 3. In October 2000, OCS filed a renewed motion to reopen, citing newly discovered evidence indicating that no certificate of occupancy had been issued for the house at the address claimed by father as his Pennsylvania residence. On December 1, 2000, one week before the scheduled hearing on the motion to reopen, OCS moved to permit a Pennsylvania planning commissioner to testify by telephone as to what he found when he recently inspected the house father was claiming as his residence. The magistrate granted the motion on the day of the hearing, and the planning commissioner testified that the house in question was under construction and unoccupied. On cross-examination, the planning commissioner conceded that he had not actually entered the basement of the house. Based on the planning commissioner's testimony and other evidence, the magistrate found that father had falsely claimed to be a Pennsylvania resident to avoid Massachusetts jurisdiction over his child support obligation. Accordingly, the magistrate granted OCS's motion to reopen and dismissed father's modification petition. Father appealed to the family court, and filed a motion asking the court to allow him to submit the testimony of his landlord, who had been present when the planning commissioner inspected his claimed residence. The court denied the motion and upheld the magistrate's decision.

¶ 4. On appeal to this Court, father argues that (1) the planning commissioner's speculative testimony was insufficient for the magistrate to find fraud by clear and convincing evidence; and (2) the family court was compelled by statute to grant his motion to submit the testimony of his landlord.

¶ 5. With respect to his first argument, father correctly states that, to obtain relief under V.R.C.P. 60(b)(3), OCS was required to demonstrate fraud by clear and convincing evidence. See *Bardill Land & Lumber, Inc. v. Davis*, 135 Vt. 81, 82, 370 A.2d 212, 213 (1977) (in all cases where fraud is alleged, including motions to reopen under Rule 60(b)(3), moving party must prove fraud by clear and convincing evidence). We find no merit, however, to father's argument that the evidence of fraud in this case was not clear and convincing. Notwithstanding the planning commissioner's acknowledgment on cross-examination that he

did not physically enter the basement of the unfinished structure that father claimed to be his residence, his testimony of the state of the structure demonstrated to a high degree of certainty that it was unoccupied, and that father did not run his engineering consulting business from that address, as he claimed. Indeed, coupled with other evidence, including father's elaborate rerouting of mail between Pennsylvania and Massachusetts, the fact that mail sent to the unfinished structure was returned as undeliverable, and father's own testimony, some of which was directly contradictory to the planning commissioner's undisputed testimony, the evidence of father's fraud was clear and convincing, if not overwhelming. The family court acted well within its discretion in upholding the magistrate's order finding fraud on father's part and dismissing his motion to modify child support. See *In re N.H.*, 168 Vt. 508, 512, 724 A.2d 467, 470 (1998) (clear and convincing is rigorous standard but does not require wholly uncontradicted or unimpeached evidence; nor is reviewing court free to ignore trial court's findings, which must be upheld as long as they are not clearly erroneous, even when standard of proof is clear and convincing evidence); *Bingham v. Tenney*, 154 Vt. 96, 99, 573 A.2d 1185, 1186 (1990) ("The decision on a Rule 60(b) motion is committed to the sound discretion of the trial court and will stand on review unless the record clearly and affirmatively indicates that such discretion was withheld or otherwise abused.").

¶ 6. Father complains, however, that he did not have an opportunity to rebut the planning commissioner's testimony because OCS moved to allow the testimony only five working days before the hearing. Again, we find no merit to this argument. For months, father had been aware that OCS was challenging his claim that he was a resident of Pennsylvania and lived at the address he claimed as his residence. Several weeks in advance of the hearing, OCS put father on notice that it intended to show that there was no certificate of occupancy that had been issued for the structure at that address. Still days before the hearing, OCS indicated that it would present the testimony of one of the town officials who had inspected the property. Rather than present rebuttal testimony of his landlord at the December 8 hearing or seek a continuance to present such testimony, father attended the hearing, listened to the planning commissioner's testimony, engaged in cross-examination but failed to provide an adequate response to the planning commissioner's testimony when queried by the court, and only later sought to challenge that testimony. On this record, father has failed to demonstrate that he did not have an opportunity to challenge the planning commissioner's testimony.

¶ 7. Finally, father argues that the family court was required by statute to hear the testimony of his landlord, even though it had not been presented before the magistrate. Section 465 of Title 4 provides as follows: "An appeal from a decision of a magistrate shall be on the record to the family court. At the request of a party, the family court shall hear additional evidence." According to father, the use of the word "shall" in the second sentence of § 465 means that the family court has no discretion to refuse to hear new evidence proposed by a party, even though appeals to the family court from magistrate decisions are "on the record." We reject this argument. The family rule governing magistrate proceedings provides that "[a]ppeal shall be solely on the record, except that where, for good cause shown, the record is found to be incomplete additional evidence may be submitted and review shall be de novo." V.R.F.P. 8(g)(4). The Reporter's Notes to Rule 8 address the apparent conflict between the statute and the rule:

Subdivision (g) is adopted to implement the statutory language on appeals. Section 465 says that appeals shall be on the record to the family court — but it also says that "At the request of a party, the family court shall hear additional evidence." It would be unacceptably confusing, and counterproductive, for the family court to preside over an appeal which simultaneously is "on the record" and includes live testimony from new witnesses. Appeal "on the record" consists of review to determine if the tribunal below committed an abuse of discretion. Once the family court begins to accept additional testimony, the court will be forced to weigh the credibility of a live witness against the credibility of witnesses in the record; this is an extraordinarily difficult task, if not impossible. Moreover, the effect of allowing live testimony upon request of any party would be to transform almost every "appeal" into a de novo hearing, since litigants will realize that the best way to respond to one live witness is to produce other live witnesses. This will diminish the role of magistrates, squander the resources which have been expended to create magistrates proceedings, and seriously undermine the statutory and federal goal of concluding 90 percent of support proceedings within 3 months and 98 percent within 6 months.

The rule, therefore, authorizes submission of additional evidence upon appeal but only when the record from the magistrate is incomplete and good cause has been shown for its incompleteness. An example would be when failure to comply with discovery by one party caused the other party to proceed before the magistrate with incomplete information.

The rule also provides that when additional evidence is being submitted review will be de novo, for the reasons noted above.

¶ 8. For the reasons stated in the Reporter's Notes, we conclude that § 465 is internally inconsistent and therefore ambiguous, and must be construed as set forth in Rule 8(g)(4). Here, father failed to demonstrate good cause for a de novo family court hearing, and thus the court properly denied his request to submit additional evidence.

*Affirmed.*