STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 18-2-18 Vtec

---

777 Hallock Road

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Appeal from ZA (18-2-18 Vtec)

Title:          Motion for Relief from Judgment & New Trial (Motion 4)

Filer:          Nicholas Tonzola

Attorney:       Michael T. Russell

Filed Date:     January 18, 2019

Response in Opposition filed on 02/04/2019 by Attorney Christopher D. Roy for Appellee Douglas Tolles

**The motion is DENIED.**

In a December 21, 2018 Decision and Judgment Order, this Court approved Douglas Tolles and Geralyn McBride's application to add over 50 cubic yards of fill material to their property located at 777 Hallock Road in New Haven, Vermont. The Tolles-McBrides seek to apply the material to extend a pre-existing accessway used to reach the interior part of their property. Following a trial on the merits, this Court concluded that their application complied with § 525 of the Town of New Haven Zoning Regulations (Regulations), which governs the addition of fill, after finding that the fill would not significantly alter drainage patterns in the area, cause soil erosion, or cause a hazard or expense to the community. On January 18, 2019, Appellants Nicholas Tonzola and June Moncrief, who live next door to the Tolles-McBrides at 849 Hallock Road, filed the present motion for relief from judgment pursuant to V.R.C.P. 60(b)(3) and for a new trial under V.R.C.P. 59(a). They allege that Mr. Tolles' misrepresentations regarding the nature of the fill during trial materially undermined the Court's Decision.

V.R.C.P. 60(b) governs grants of relief from judgment. While the Rule is to be liberally applied to prevent injustice and hardship, it also "balances the needs for both fairness and finality." Tudhope v. Riehle, 167 Vt. 174, 178 (1997) (citing Cliche v. Cliche, 143 Vt. 301, 306 (1983)). V.R.C.P. 60(b)(3) allows the Court to grant relief "upon such terms as are just" for reasons of "fraud . . ., misrepresentation, or other misconduct of an adverse party." Any fraud must be demonstrated by clear and convincing evidence. Gavala v. Claassen, 2003 VT 16, 175 Vt. 487 (citation omitted).

With regards to the Tonzola-Moncriefs' motion for a new trial, V.R.C.P. 59(a) allows this Court to "open the judgment . . ., take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."[1] The Court has discretion to determine whether justice calls for a new trial. See

---

[1] This language in V.R.C.P. 59(a) applies to motions for a new trial when the matter was originally tried without a jury.

V.R.C.P. 59(a) ("The court before which an action has been tried *may* on motion grant a new trial . . . .") (emphasis added); <u>Town of Georgia v. King</u>, No. 105-6-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Oct. 19, 2011) (Durkin, J.) (citation omitted).

The Tonzola-Moncriefs assert that Mr. Tolles misrepresented the 50 cubic yards of material added to his property as three-quarter inch crushed stone *without fine sediments*. Based on the exhibits the Tonzola-Moncriefs provided with their motion, as well as Mr. Tolles' own admission, the material to be used for the accessway is actually three-quarters inch *plant mix*, which includes some amount of fine sediments.[2]

The Tonzola-Moncriefs argue that the misrepresentation materially affected this Court's Decision because the specific nature of the material to be used formed the basis of our conclusion. They also assert that this Court depended on the testimony of the parties' experts who, in turn, relied on the mistaken nature of the material in formulating their opinions. The Tonzola-Moncriefs ask this Court to reopen the judgment to allow the corrected evidence, along with additional evidence of altered drainage patterns, and to reach new findings and conclusions.

A review of the December 21, 2018 Decision reveals that the specific nature of the fill material was tangential to our ultimate conclusion that the Tolles-McBrides' application met the requirements of § 525 of the Regulations. The Tonzola-Moncriefs point to our 9th factual finding, which states, in part, "[t]he desired crushed stone is sized three-quarters of an inch, without fine sediments." Decision at 2. We did not, however, rely on that fact in drawing our conclusions. Instead, we based our conclusions on the impacts of the pre-existing part of the accessway as it was at the time of trial. We assessed the actual drainage patterns before, during, and after its construction and determined that the conditions of § 525, including the requirement that drainage patterns be preserved, were satisfied.[3] From this we concluded that the addition of further material in the same manner would also satisfy § 525. As we found in the Decision, the pre-existing accessway was composed of "crushed stone *and* soil fill." Factual Finding 8, Decision at 2 (emphasis added). Thus, the fact that the new material consists of three-quarter inch plant mix, with some fines, does not disrupt our prior judgment, which was based on the impacts of similar material.[4] We did not condition our Decision on three-quarter inch stone without fines.

We recognize that the parties' respective experts testified to the hydraulic conductivity of crushed stone. Both experts, however, made it clear to the Court that they based their testimony on theory, and not actual measurements. The Tolles-McBrides' expert qualified his statements on the hydraulic conductivity of crushed stone with this disclaimer, which this Court took into account when weighing the evidence.[5] Additionally, we concluded that the Tonzola-

---

[2] Support for the Tonzola-Moncriefs' assertion of misrepresentation comes in the form of invoices for three-quarter inch plant mix Mr. Tolles produced in a related Civil Division matter. In Mr. Tolles' memorandum in opposition to the present motion, he acknowledges that he mischaracterized the nature of the material three times while on the stand. Mr. Tolles explained that he is not an expert on fill materials and the misstatement was unintentional.

[3] Specifically, we considered the evidence relating to pre- and post-construction conditions and concluded that "[a]t most, [water] will flow around or through the accessway, and then flow in a southerly or southeasterly direction as it did prior to the installation of the accessway. While the water may be slightly slowed, the evidence does not show a significant change in drainage." Decision at 8.

[4] The Tonzola-Moncriefs also assert that because of the misrepresentation, the Court did not receive and consider evidence relating to the potential health hazard of using plant mix in the area as it relates to the Tonzola-Moncriefs' septic system. The same reasoning applies. We considered the evidence relating to pre-construction and post-construction conditions surrounding the pre-existing accessway and concluded that there was no hazard.

[5] The Tolles-McBrides' expert also testified to his opinion that the drainage would not be altered significantly even after compaction of the subsurface soil by vehicle tires. Trial Tr. 117:8-16 (Oct. 17, 2018). He

Moncriefs' expert succeeded in emphasizing the theoretical nature of the Tolles-McBrides' expert's testimony but did not offer an alternative means of assessing the hydraulic conductivity of the material. Further, he testified that the crushed stone would act as a water barrier. It is apparent that this conclusion would not change with the corrected evidence that the material is plant mix. In sum, this Court was aware of the limitations of the expert testimony in this matter. Specific details regarding the nature of the material will not alter our judgment.

As part of their motion for a new trial pursuant to V.R.C.P. 59(a), the Tonzola-Moncriefs also assert that this Court should hear new evidence produced by a post-trial inspection of their existing septic system. They assert, based on the statements in their expert's affidavit, that the inspection revealed evidence of groundwater backing up and a raised water table. The evidence they offer does not warrant fresh consideration. First, the Tonzola-Moncriefs present no explanation as to why the evidence was not available at trial. See In re Hinesburg Hannaford SP Approval, No. 163-11-12, slip op. at 4 (Vt. Super. Ct. Envtl. Div. July 7, 2016) (Walsh, J.) (citing Goslant v. Goslant, 130 Vt. 210, 212 (1972)) (declining to reopen the case where evidence was previously available in the interest of finality). Next, the Tonzola-Moncriefs' expert already testified to his opinion that the pre-existing accessway impedes groundwater. It is not clear what further testimony to this effect would contribute. Similarly, both experts have already discussed the overland flow and raised water table that result from the natural clay soils at the property. See, e.g., Trial Tr. 98:18-21; 204:11-13; 213:14-25 (Oct. 17, 2018). The offered evidence is at best inconclusive, at worst redundant, and does not affect our judgment. See Glosser v. Cihocki, No. 2005-345, slip op. at 3-4 (Vt. July 2006) (unpub. mem.) (upholding the trial court's denial of a new trial because new evidence was inconclusive and contradicted by trial testimony).[6]

For the foregoing reasons, we conclude that Mr. Tolles' mischaracterization of the fill material does not affect the underpinnings of our Decision. Also, the new evidence offered by the Tonzola-Moncriefs would not affect our prior conclusions. Therefore, we **DENY** the Tonzola-Moncriefs' motion for relief from judgment and for a new trial.

So ordered.

Electronically signed on February 11, 2019 at 09:26 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Michael T. Russell (ERN 2640), Attorney for Appellant Nicholas Tonzola

---

further stated that the addition of soils can benefit, rather than deter, drainage because of evapotranspiration. Id. at 120:21-25. These statements, though based in theory, also contribute to our conclusion that the specific quantity of any fine sediments in the material does not affect our ultimate decision.

[6] To the extent the Tonzola-Moncriefs also ask us to vacate the judgment because of the proffered evidence pursuant to V.R.C.P. 60(b)(2), the same reasoning applies.

Michael T. Russell (ERN 2640), Attorney for Appellant June Moncrief
Cindy E. Hill (ERN 5390), Attorney for Interested Person Town of New Haven
Christopher D. Roy (ERN 1352), Attorney for Appellee Geralyn McBride
Christopher D. Roy (ERN 1352), Attorney for Appellee Douglas Tolles