VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01144

| George Woods, Jr. v. Vermont Department of Corrections |
|---|

## ENTRY REGARDING MOTION

Title:       Document(s) Filed Opposition to Additional Witness Proffer (Motion: )
Filer:       Robert C. Menzel
Filed Date:       July 05, 2024

The motion is GRANTED IN PART.

Appellant George Woods seeks to introduce three witnesses at the upcoming bench trial set to address his appeal from the case staffing that resulted from the Department of Corrections determination to revoke Appellant's community supervised furlough.

This appeal is governed by 28 V.S.A. § 724(c), which requires a de novo review of the agency's record but also allows Appellant to testify. 28 V.S.A. § 724(c)(1). The process also allows the Appellant, upon a showing of good cause, to introduce additional evidence to supplement the record.

In this case, Appellant seeks to adduce testimony from three witnesses. The first is Ms. Woods, Appellant's ex-wife and original complainant. She is expected to testify that she felt that Appellant was not a public safety threat; that at the time of his suspension he was having a mental health crisis; and that he was seeking mental health support.

The second and third witnesses are Paul Brodie, Appellant's alcohol and drug counselor at the time of the furlough suspension, and John Reese, Appellant's recovery coach. They are both expected to testify that Appellant was actively and consistently engage in substance abuse treatment.

The purpose of the present appeal is to determine whether there was an abuse of discretion in the decision to revoke Appellant's furlough eligibility for two-years. As this Court has noted, the abuse of discretion standard is a high burden to overcome, and it is one that affords the Department significant discretion. *Patenaude v. Vt. Dept. of Corrections*, Dckt. No. 23-CV-01109, at 2–3 (Jul. 24,

2024) (Richardson, J.); *see also Barcomb v. Deml*, Dckt. No. 23-CV-00880, at 2 (Mar. 11, 2024) (Tomasi, J.).

While the Department has discretion to revoke furlough and suspend eligibility for further furlough, the Department cannot rely on false information, and the purpose of de novo review is to ensure that if bad information forms the basis of an administrative decision, then the Appellant has an opportunity to weed it out. *Barcomb*, Dckt. No. 23-CV-00880, at 2. While the term "good cause" may allow testimony for a number of different reasons, at its core, it is an opportunity to provide a corrective when the administrative record may contain factual inaccuracies.

In the present case, the testimony of Ms. Woods does not rise to the level of good cause. While she may not feel a personal threat from Ms. Woods, there is no evidence in the administrative record that the public safety component was tied exclusively to her. Nor does her testimony about his mental health condition offer new evidence that was either suppressed or factually incorrect in the administrative record. Instead, the Court finds that Ms. Woods testimony would likely be used to bolster or reinforce Mr. Woods' testimony and beliefs. Moreover, Ms. Woods' testimony appears to contain the type of issues that the Vermont Court has expressed in the past for excluding live testimony on appeal, namely the weighing of a live witness' credibility against a written record. *See Gavala v. Claasen*, 2003 VT 16, ¶ 7 ("[T]he effect of allowing live testimony upon request of any party would be to transform almost every 'appeal' into a de novo hearing, since litigants will realize that the best way to respond to one live witness is to produce other live witnesses."). For these reasons, Ms. Woods' testimony is not allowed.

As to the testimony of Brodie and Reese, their limited testimony addresses the precise issue that would serve the narrow purposes of additional testimony, which is to correct a portion of the administrative record where there is alleged to have been either an omission or incorrect information. In this case, the witnesses have been offered to establish that Appellant was actively participating in substance abuse counseling in good faith, which appears to be contradictory to the findings and evidence in the administrative record. The Court finds that this additional testimony is likely to be helpful as it goes to both the Department's underlying findings but also its decision process and whether there was cause for mitigation or a reduction to the suspension.

## **ORDER**

For these reasons, the Court will allow the testimony of Brodie and Reese for the limited purpose of establishing the facts concerning Appellant's pre-suspension participation in substance abuse counseling and work.

As allowed under 28 V.S.A. § 724, the Department may include live testimony from rebuttal witnesses to address the testimony of Brodie and Reese.

Electronically signed on 7/23/2024 3:12 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge