Filed 03/31/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT  05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-05447

| | |
|---|---|
| Trichome VT LLC, <br>     Plaintiff <br><br> v. <br><br> Essex Junction Local Cannabis Control Commission, <br>     Defendant | DECISION ON MOTIONS |

### RULING ON MOTIONS TO DISMISS AND FOR DEFAULT JUDGMENT

This case concerns a cannabis-cultivation operation located in a residential area of Essex Junction.  Jason Struthers owns the property where Trichome VT LLC ("Trichome") is located. In a letter dated November 24, 2025, the Vermont Cannabis Control Board informed Struthers that he was required to "halt all licensed cultivation activities" due to the revocation by the Essex Junction Local Cannabis Control Commission ("LCCC") of the license that had been granted to Trichome.  On December 5, 2025, Trichome filed a notice of appeal with this Court pursuant to Rule 74 of the Vermont Rules of Civil Procedure, indicating that it was appealing "the final order of the Essex Junction Local Cannabis Control Commission proceeding, entered on November 24, 2025, revoking [its] cannabis establishment license."  The City of Essex Junction ("the City") now moves to dismiss Trichome's appeal pursuant to Rule 12(b)(1) of the Vermont Rules of Civil Procedure, arguing that this Court lacks subject matter jurisdiction over Trichome's appeal.  Trichome opposes the City's motion and has filed a motion for default judgment or to strike the City's motion to dismiss.  The City is represented by Claudine C. Safar, Esq., and Trichome is appearing through Mr. Struthers, who is not a licensed attorney.[1]  For the reasons discussed below, the City's motion is GRANTED and Trichome's motion is DENIED.

### Background

To understand Trichome's appeal, some background and procedural history regarding the events leading up to Trichome's receipt of the Board's letter in November 2025 is helpful.  In a

---

[1] While there are circumstances in which a non-attorney may represent an organization, *see, e.g., Vt. Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp.*, 159 Vt. 454, 458 (1992) (addressing situations in which courts have discretion to allow non-attorney to represent organization), Trichome has not sought such permission in this matter.  However, neither the City nor Trichome raises this as an issue and in light of the Court's decision, the Court will not do so *sua sponte* at this point.

decision issued in May 2025, the Vermont Supreme Court addressed whether the City had the authority to regulate Mr. Struthers' cannabis-cultivation activities that operated under the name Trichome. *In re 8 Taft Street DRB & NOV Appeals*, 2025 VT 27, ¶ 1, 342 A.3d 852. Trichome is located in the City's Residential-1 Zoning District, and at some point in the past it had received an outdoor tier 1 cultivator's license from the Vermont Cannabis Control Board ("the Board"). *Id*. ¶ 2. In response to complaints by Struthers' neighbors about Trichome's business, the neighbors, Struthers and the City sought clarification from the City's zoning officer as to whether the City's zoning regulations were enforceable against the cannabis operation. *Id*. ¶ 3. The zoning officer concluded that they were not because the City's zoning regulations conflicted with 7 V.S.A. § 869, which addresses the regulation of cannabis. *Id*. The neighbors appealed the zoning officer's decision to the City's Development Review Board ("DRB"), which upheld the zoning officer's decision. The neighbors then appealed the DRB decision to the Environmental Division, which upheld the decision by the DRB. *Id*. ¶¶ 4, 7.

The neighbors appealed the Environmental Division's decision to the Vermont Supreme Court, which reversed the Environmental Division's decision. The Supreme Court interpreted particular sections of 7 V.S.A. § 869 and determined, for reasons not relevant here, that Struthers' cannabis-cultivation operations are not exempt from municipal regulation. *Id*. ¶ 24. On remand, the Environmental Division addressed the City's Land Development Code, which requires cannabis cultivator establishments to be situated in the Planned Agriculture District and prohibits them in the Residential-1 Zoning District, where Struthers and Trichome are located. *In re Taft Street Appeals*, Nos. 23-ENV-00120, 24-EV-0003, 2025 WL 2711258, at *2 (Vt. Super. Ct. Sept. 3, 2025). It concluded that Struthers' cannabis operations "are prohibited by the [Land Development Code]." *Id*.

Following the Environmental Division's decision in September 2025, the Board notified Struthers and Trichome by letter dated November 24, 2025, that they must "halt all licensed cultivation activities unless the decision is stayed by a court of competent jurisdiction." The reason the Board gave was that the LCCC voted on November 12, 2025, to revoke Trichome's cultivation license due to the DRB's finding that the cultivation operation is in violation of the zoning bylaws. Ex. A.

Discussion

According to its notice of appeal, Trichome is appealing the LCCC's decision to revoke its cannabis cultivation license; Trichome is not appealing the Board's order to it and Struthers to "halt all licensed cultivation activities." Trichome named the LCCC, rather than the City, as the defendant. Because the LCCC is a municipal department that lacks the capacity to sue or be sued, the City, through its counsel, moved to dismiss the action, arguing that Trichome named the wrong party, and in any event, the Court lacks subject matter jurisdiction over the action.[2]

---

[2] *See Wyatt v. City of Barre*, 885 F. Supp. 2d 682, 688 (D. Vt. 2012) ("It is well-settled law that municipal departments in Vermont cannot be sued separately from their municipalities.") (citations omitted). Trichome does not dispute this point, and requests leave to amend, which is typically freely granted. Although amendment would seem appropriate here, the Court need not reach this issue in light of its decision that it lacks subject matter jurisdiction over the appeal.

2

"'Subject matter jurisdiction' refers to the power of a court to hear and determine a general class or category of cases." *Lamell Lumber Corp. v. Newstress Int'l, Inc.*, 2007 VT 83, ¶ 6, 182 Vt. 282 (citation omitted); *see also Baron v. McGinty*, 2021 VT 6, ¶ 31, 214 Vt. 141 (stating that because subject matter jurisdiction refers to a court's power to hear a case, "a court either has subject matter jurisdiction or it does not"). A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may not be granted "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Wool v. Office of Prof'l Regulation*, 2020 VT 44, ¶ 8, 212 Vt. 305 (quotation omitted)).

Trichome bases its appeal on Rule 74 and 3 V.S.A. § 843. Rule 74 provides,

(1) This rule shall apply whenever any party is entitled by statute to seek review of, or appeal from, the decision in a proceeding determined by any state board, commission, department or officer other than the legislature or courts.

(2) This rule shall also apply when any party is entitled by statute to seek review of, or appeal from, a decision in a proceeding determined by any other administrative officer or tribunal and the appeal or review is subject to procedure provided for state agencies covered by the Administrative Procedure Act (chapter 25 of Title 3 V.S.A.) or to procedure provided in this rule.

V.R.C.P. 74. As is evident from its language, Rule 74 only applies to decisions by a state board or agency; it does not apply to decisions by a municipal department like the LCCC.[3] The other authority Trichome cites, 3 V.S.A. § 843, addresses the procedure for an "adopting authority" to adopt a "proposed rule." Neither Rule 74 nor 3 V.S.A. § 843 authorizes this Court to review the LCCC's decision to revoke Trichome's cannabis license. Nor does 7 V.S.A. § 863(b), cited in Trichome's Opposition to the Motion to Dismiss, which merely allows municipalities to establish local cannabis control commissions to issue and administer local cannabis licenses, provide an avenue for appeal to this Court.

Accordingly, because there are no facts or circumstances that would entitle Trichome to relief, the Court grants the City's motion to dismiss Trichome's appeal of the LCCC's decision to revoke its local license. Further, because the Court lacks jurisdiction to consider Trichome's appeal, Trichome's motion for default judgment is denied as moot.

Order

For the foregoing reasons, the City of Essex Junction's motion to dismiss Trichome's notice of appeal for lack of subject matter jurisdiction (Mot. #3) is GRANTED. Trichome's motion for default judgment is DENIED (Mot. #4).

---

[3] The Court notes further that if Trichome wanted to appeal an action by the Board, which is a state board, that appeal would not lie with the Superior Court. *See* 7 V.S.A. § 847 (party aggrieved by final decision of Board must file notice of appeal with Executive Director, who shall assign case to appellate officer, and party aggrieved by decision of appellate officer may appeal to Supreme Court).

Electronically signed on March 30, 2026 at 6:08 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge