VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    25-AP-383



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2026

| | |
|---|---|
| James Jerome, Jr. v. Kerry Raheb\* and Renee Houston\* | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| | } Civil Division |
| | } CASE NO. 22-CV-00175 |
| | Trial Judge: David A. Barra |

In the above-entitled cause, the Clerk will enter:

Defendants appeal a civil division order denying their motion for relief from judgment under Vermont Rule of Civil Procedure 60(b)(3) and (b)(6) on the basis of fraud.  On appeal, defendants argue that the court abused its discretion, contending that they demonstrated fraud, they were denied due process, and the court acted with bias.  We affirm.

The parties are former neighbors, and this case arose following a dispute over the use of an easement for ingress and egress.  In January 2022, plaintiff sued defendants, alleging that defendants had blocked access to the driveway for him and his invitees, and asserting claims of nuisance, intentional interference with prospective business relationships, and intentional infliction of emotional distress.

Defendants filed numerous motions during the pendency of the case, including seeking dismissal, and the recusal of two different judges, opposing counsel, and a mediator.  After the parties agreed on a mediator, defendants refused to participate in discovery, which prevented mediation from taking place.  In September 2024, the court granted plaintiff's motion for partial summary judgment, concluding defendants were liable on all three counts.  The court held a hearing on damages in July 2025.  Although defendants were provided notice of the hearing, they did not attend or seek a continuance.  Based on the evidence presented at the hearing, the court issued a decision on damages, and subsequently entered final judgment.

In August 2025, defendants moved to vacate the judgment under Rule 60(b)(3) and (b)(6).  Defendants made several allegations about plaintiff's behavior—much of it unrelated to the easement dispute—and claimed that the case was filed under fraud.  Plaintiff opposed the motion, arguing that defendants were attempting to relitigate the issues decided at the hearing

defendants did not attend and their factual disagreements did not amount to fraud. In response, defendants asserted that their absence at the damages hearing was due to a family member's death in July 2025 and this amounted to excusable neglect.

The civil division denied the motion, carefully addressing defendants' claims. The court explained that defendants' general accusations against plaintiff were not before the court and not relevant to the judgment defendants were seeking to vacate. The court concluded that defendants did not provide the necessary factual support for their assertions that plaintiff fraudulently claimed to have the easement and to operate his business at the property. The court also rejected defendants' claim that they were fraudulently denied a hearing, mediation, or a jury trial, noting that defendants prevented mediation from taking place by refusing to participate in discovery, did not receive a jury trial because plaintiff was entitled to summary judgment based on the undisputed facts, and received notice of the damages hearing and did not attend or request a continuance. Defendants appeal.

On appeal, defendants argue that the court abused its discretion in denying their motion for relief from judgment under Rule 60(b)(3) and (6). "A motion for relief from judgment under [Rule] 60 is addressed to the discretion of the trial court, and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." Pierce v. Vaughan, 2012 VT 5, ¶ 9, 191 Vt. 607 (mem.) (quotation omitted). To support a claim under Rule 60(b)(3) requires a demonstration of fraud "by clear and convincing evidence." Gavala v. Claassen, 2003 VT 16, ¶ 5, 175 Vt. 487 (mem.). To the extent defendants also allege fraud on the court under Rule 60(b)(6), this "has generally been reserved for only the most egregious misconduct evidencing . . . an unconscionable and calculated design to improperly influence the court." Godin v. Godin, 168 Vt. 514, 519 (1998).

Defendants raise several arguments on appeal presented in bullet points without citations to the record, any explanation of how the issues were preserved, or how the authority cited supports their position. See V.R.A.P. 28 (providing requirements for appellate briefs). Plaintiff argues that the case is inadequately briefed and the appeal should be denied on that basis. We decline to decide the case based on inadequate briefing and address the arguments as best as we can discern them.

First, defendants repeat their claims that plaintiff perpetrated fraud, alleging that he did not have an easement over the driveway, engaged in misconduct, and did not operate his business from the property served by the driveway. The civil division acted well within its discretion in concluding that defendants had not presented sufficient evidence of fraud to support this claim. See Godin, 168 Vt. at 519. (explaining that finding of fraud "is justified only by the most egregious misconduct" and "must be supported by clear, unequivocal and convincing evidence" (quotation omitted)).

Defendants next argue that their absence from the damages hearing was caused by the death of a family member and lack of counsel, and this amounted to excusable neglect. The civil division noted that defendants were provided with notice of the hearing and did not appear or request a continuance. The court found that their proffered reasons for missing the hearing and failing to seek a continuance were not supported by clear and convincing evidence. This determination is supported by the record and therefore we do not disturb it on appeal. The hearing was held on July 7, 2025, and defendants did not mention the family member's death until their August 22, 2025 reply memorandum. Defendants do not dispute that they had full

notice of the hearing and did not seek to continue the hearing or timely notify the court that they were unavailable.

Defendants also contend that the court erred in concluding that many of the accusations in their Rule 60 motion were waived because they did not present them as defenses or counterclaims. In assessing defendants' Rule 60(b) motion, the court noted that many of defendants' factual assertions did not relate to the subject matter of the case. To the extent that the allegations were connected, the court concluded that defendants were required to raise them as counterclaims, V.R.C.P. 13(a), and having failed to do so, they were waived. The court's decision was based on a proper interpretation of the applicable rules and well within its discretion. A Rule 60(b) motion "may not substitute for a timely appeal or provide relief from an ill-advised tactical decision or from some other free, calculated, and deliberate choice of action." Riehle v. Tudhope, 171 Vt. 626, 627 (2000) (mem.). Defendants chose not to bring counterclaims or raise defenses at the trial on damages. They were foreclosed from doing so through a Rule 60(b) motion.

Defendants additionally argue that reversal is necessary because the trial judge was biased against them. The civil division construed defendants' allegations of bias in their reply memo as a motion to recuse and referred the matter to the Chief Superior Judge. See V.R.C.P. 40(e)(3) (providing that judge whose disqualification is sought may refer motion to Administrative Judge, now known as Chief Superior Judge). The Chief Superior Judge concluded that defendants had failed to support their motion with an affidavit or provide a reason for the judge's disqualification, and denied the request. See V.R.C.P. 40(e)(2) (requiring motion for disqualification to be accompanied by affidavit, "stating the reason"). On appeal, defendants argue that the trial judge consistently ruled against them, and this demonstrated bias.* Given that adverse rulings are not on their own evidence of bias, defendants have failed to show that the Chief Superior Judge abused his discretion in denying their motion based on failure to follow the procedure of the rule. See Ainsworth v. Chandler, 2014 VT 107, ¶ 16, 197 Vt. 541 ("The fact that the trial judge has previously ruled against him does not, in itself, constitute evidence of bias."); Ball v. Melsur Corp., 161 Vt. 35, 40 (1993) (providing that decision on motion to disqualify will be reversed "only if there has been an abuse of discretion"), abrogated on other grounds by Demag v. Better Power Equip., Inc., 2014 VT 78, 197 Vt. 176.

Finally, defendants argue that the court erred in granting summary judgment without a trial. Because defendants did not appeal the underlying judgment, this argument is not properly preserved for appeal. See Aerie Point Holdings, LLC v. Vorsteveld Farm, LLC, 2024 VT 29, ¶ 11, 219 Vt. 261 (explaining that Rule 60(b) is not substitute for appeal and " 'does not allow relitigation of issues that have been resolved by the judgment' " (quoting 11 C. Wright, et al. Federal Practice and Procedure § 2863 (3d ed. 2023))). In any event, a hearing is not required

---

* There is no merit to defendants' related argument that the court was biased against them and that they were prejudiced by the fact that the final judgment was sent to an outdated address. Defendants have not demonstrated how this argument was properly preserved for appeal. See In re White, 172 Vt. 335, 343 (2001) (explaining that "party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it" to properly preserve it for appeal (quotation omitted)). Defendants did not seek an extension of the appeal period below or raise lack of notice in their motion for relief from judgment. Because this was not preserved below, we do not address it on appeal.

before the court decides summary judgment.  V.R.C.P. 56(f); see <u>Lussier v. Truax</u>, 161 Vt. 611, 612 (1993) (mem.) (rejecting assertion that court erred in granting summary judgment without hearing because hearing not required).

<u>Affirmed</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Christina E. Nolan, Associate Justice


_____
Michael P. Drescher, Associate Justice